No. 4159.

(Court of Appeal, Parish of Orleans.)

MRS. CAROLINE COTONIO vs. F. RIVERS RICHARD-
SON et als.

Act 107, of 1898, amending Art. 3519 C. C., and which adds
to the latter the provision that: "Whenever the plaintiff hav-
ing made his demand shall allow five years to elapse without
having taken any steps in the prosecution thereof, he shall be
considered as having abandoned same," can have no application
to a case where non-action during that period was occassioned
by an order of Court staying proceedings.

Appeal from Ciivl District Court, Division "D."

Theo. Cotonio, for Plaintiff and Appellant.

Chaffe & Bowers, F. Rivers Richardson & Rufus E. Foster,
for Defendant and Appellee.

MOORE, J. On the 15th of June, 1900, plaintiff brought
suit, sounding in damages, against the defendants. The suit
was allotted to Division "D" of the Civil District Court for the
Parish of Orleans.

At this time there was pending in another division of the
Civil District Court a suit between the same parties which
formed the basis for the damages claimed in the instant cause.
As those damages arose *ex delicto* the instant suit was filed at
once and notwithstanding the pendency of the other suit, so
as to bring the action within the twelve months after the hap-
pening of the act which it is alleged caused the damages. On
the 25th June 1900 the defendants filed a number of exceptions—
six in all—to the plaintiff's action, and among them that of
prematurity, the ground set up therefore being that no action for
damages could be instituted until the final termination of the
other suit beween the same parties and which, it was alleged,
was then pending on appeal in this Court.

On the 15th January, 1901, the exceptions were overruled,
defendants given ten days within which to file their answer and
the trial of the cause on its merits was ordered postponed until
the final termination of the other suit. The decree of Court

280

is in these words: "tI is ordered that the exceptions filed herein by the defendants be overruled and they are given ten days time in which to answer. And as the basis of one element of damages claimed by plaintiff in this suit is in controversy in another division of this Court, it is ordered that the trial of this case on the merits be postponed until the further orders of this Court."

On the 25th January, 1901, defendants filed their answer.

No further proceedings were taken or had in the suit until the 25 June, 1906, when the defendants filed a formal plea of prescription to the further prosecution of the action under the provisions of Act 107 of 1898. On the 28th day of January, 1906, the plaintiff moved to have the case placed on the call docket. On the trial of the plea of prescription and the motion to fix the case it was shown that final judgment was rendered in the other suit, which was entitled Globe Realty Co. Limited, vs. Mrs. C. Cotonio, only on the 6th February, 1905, the cause having been several times remanded to the lower Court for trial *de novo*. It was contended below as it is here, that forasmuch as the lower Judge had ordered that no trial on the merits should be had until the final termination of the Globe Realty suit and as that suit had not terminated until the 6th February, 1905, the plaintiff was rendered powerless by the orders of Court from taking any steps in the prosecution of the suit, until at least the 6th Feby., 1905, and that, as a consequence, the Act cited cannot apply. The trial Judge, however, denied the motion to fix the case for trial, sustained defendant's plea and missed the suit as in case of abandonment. From this judgment the plaintiff appeals. Act 107, of 1898, which amends and re-enacts Art. 3519 C. C. adds to the original article the clause that: "Whenever the plaintiff, having made his demand, shall allow five years to elapse without having taken any steps in the prosecution hereof, he shall be considered as having abandoned the same."

The evident intention of this statute is to visit on a plaintiff the penalty of having his suit dismissed, with the legal consequence which attaches to abandonment, when, either by design and with deliberation, or as the result of his own laches, he *"shall allow"* the period of time stated in the Act to elapse with-

out taking any steps in the prosecution thereof; and it does not contemplate this penalty when such action is restrained by a solemn and an express judicial decree.

In the instant cause the plaintiff was rendered absolutely powerless to take steps in the prosecution of her case until the termination of the main action pending in another division of the Court; and her inability to do so was the result not of her design, deliberation or laches, but of the restraining decree of the Court in which her cause was pending; a decree which, we take occasion to say, was wisely made forasmuch as the suit for the damages claimed could not be tried and determined until final judgment was rendered in the other pending cause.

The effect of that order, apparently acquiesced in by all parties, was to stay all proceedings in the instant case, until the 6th Feby., 1905, when final judgment was rendered in the Globe Realty Case. This being the period at which the plaintiff could first take any steps in the prosecution of her case, the five years provided in the statute began to run only from that date. The plaintiff took steps within that period to have her case placed on the call docket and fixed for trial, her motion to that effect being filed on the 28th Jany., 1906.

We think, therefore, that under the circumstances of this case, the plaintiff has not abandoned her suit, the amendment, *supra,* having no application to the conditions existing herein.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, set aside and reversed, and the cause is remanded to the lower Court, with instructions to have this cause placed on the call docket, regularly fixed for trial and to be otherwise proceeded with according to law.

The costs of apepal to be taxed against the defendants and appellees, the costs of the lower Court to await final decision on the merits.

Dufour, J., dissents and files opinion.

April 8, 1907.

## DISSENTING OPINION.

### On Application for Rehearing.

1. Act 107, of 1898, amending Art. 3519 R. C. C., provides

that, whenever a plaintiff, having made his demand, shall, at any time before obtaining final judgment, allow five years to elapse without having taken any step in the prosecution of his suit, he shall be considered as having abandoned the same.

2. The purpose of the Statute was to substitute the certainty of a fixed rule and a specified time for the uncertainty of judicial interpretation as to the circumstances of the case, and the conduct of the parties litigant.

3. The imperative and unqualified terms of the law deal exclusively with the failure to take steps within the time prescribed, and not with the reasons or motives which induced such failure.

4. The making of distinctions and exceptions in the enforcement of the law would defeat the very object the law was intended to accomplish and restore the evil it was intended to eradicate.

DUFOUR, J. Act 107, of 1898, amended Art. 3519 R. C. C. by adding to it the following provision:

"Whenever the plaintiff having made his demand, shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

In interpreting this Statute, the Supreme Court, in Lockhart vs. Lockhart 113 La. 872, said:

"The matter of abandonment was one of interpretation depending upon circumstances and conduct, and subject to no fixed rule. It was, therefore, as we think, the purpose of the General Assembly to substitute certainty for uncertainty xxxxxx and to make it known when it is no longer pending in Court because of its having been abandoned."

I am of the opinion that it was the purpose of the Statute to adopt as a fixed rule that the acts of the parties and not their motives and reasons for their acts must be determinative of the fact of abandonment. The failure to take steps within five years constitutes an abandonment of the suit within the imperative, unqualified and unrestricted terms of the law.

Conceding that the judge had stayed proceedings until the termination of another suit, there was no obstacle in the way of a motion to vacate such order and try the cause. If the judge refused the application, the mover's rights would be reserved, because his motion was a timely step in the prosecution of his suit.

It appears to me that to make exceptions and distinctions, whether based on a judge's order or on anything else, is to return to the uncertainty of inquiring into circumstances and conduct and to thus defeat the very object the law was intended to accomplish and restore the evil which it was intended to suppress.

The trial judge in maintaining the exception and dismissing the suit as abandoned, said:

"Plaintiff offered in evidence the order of Court heretofore rendered in this cause, saying in effect that the case would be continued until the further order of Court; but this order did not in any manner prevent the plaintiff from prosecuting her suit during the last five years, and cannot have any force or effect in interrupting prescription."

Being of opinion that the opinion of the majority is in conflict with both the letter and the spirit of the law, which in my humble judgment, deals solely with the failure to act, without regard to the circumstances inducing such failure, I conclude that the suit should be dismissed, and hence, respectfully dissent.

April 22, 1907.

Writ refused by Supreme Court May 15, 1907.