## No. 9115.

### MRS. M. L. PROCTOR vs. MRS. P. L. HEBERT, EXECUTRIX.

Where a minor has been emancipated under the provisions of article 385 of the Code, prescription against his right of action against his tutor for a settlement begins from the date of his emancipation and not from his majority.

APPEAL from the Twenty-third District Court, Parish of Iberville. Talbot, J. ad hoc.

---

T. E. Grace and Alex. Hebert for Plaintiff and Appellant.

David N. Barrow for Defendant and Appellee.

---

The opinion of the Court was delivered by

TODD, J. The plaintiff appeals from a judgment sustaining a plea of prescription against her demand for the rendition of an account of tutorship by the legal representative of her deceased tutor.

The only question presented by the appeal is, whether the prescription in question (four years) began to run from majority, or the date of emancipation, the plaintiff having been emancipated under the provisions of Article 385 R. C. C.

Article 362 C. C. prescribes that prescription begins to run from majority. This is a general law and the reason why, under this law prescription should begin to run from majority is obvious, almost too much so to require explanation. It is because at this period, when the minor reaches the age of twenty-one years, he emerges from all the disabilities that had attended his minority and for the first time becomes clothed with full contracting powers and subjected to all the correlative responsibilities that flow from the attainment of such powers and the possession of such rights and privileges. The law grants him four years within which he has full and ample authority to provoke a settlement with his

tutor, touching the administration of his property and the charges of maintenance. If he waits longer than this term, and fails to exercise the right thus accorded to him, the right becomes forever lost to him.

But emancipation, under the article referred to, works a dispensation from the legal disabilities of minority as full and complete as the attainment of the age of majority under the general law. It places the minor, thus freed, on the same plane with the major under the general law and invests him with identically the same rights, and subjects him to equal responsibilities. In other words, instead of leaving the minor to the operation of the general law and making him wait till he is twenty-one years of age, it virtually and in effect fixes and establishes his majority at an earlier period of life, that is, at any time when he shall have passed the age of eighteen years. A perusal of the law and the judgment rendered under its authority, leaves no doubt on this point.

For instance the judgment of emancipation in this case reads :

"It is therefore, ordered, adjudged and decreed that the said Mary Letitia Hebert be and she is hereby fully emancipated and relieved from all the disabilities which attach by law to minors, with power to do and perform all acts as fully and completely as if she had attained the age of twenty-one years."

The question very naturally arises upon reading this, why should the right of a person who has attained his majority to bring his tutor to account be limited to four years from this event and a longer time be granted for this purpose to one upon whom, under an exceptional provision of the law, majority has been conferred with all resulting rights by a judgment of a court ?

After due reflection we have reached the conclusion that the law is not guilty of such a solecism. That in fact the operation of the two provisions or articles of the code above cited, afford the most striking illustration of the forced meaning and effect of the trite maxim whose pith is only preserved in the vernacular of *ratione cessante cessat ipsa lex*, for we may reasonably ask why should prescription be governed by the provisions of Article 362 in a case where its very foundation has been removed by the practical operation and working of the special provision of Article 385 of the Code ?

Under these views we think the plea of prescription was properly sustained.

The record shows that the suit for the account was filed on the twenty-fifth of August, 1882, and that the plaintiff was emancipated on the tenth of January, 1876.

Judgment affirmed.