Statement of the Case.
MONROE, J.
In August, 1895, plaintiffs brought suit against their coheirs, demanding certain alleged rights in the property left by their grandparents, and an answer was filed in September of that year. In October, 1901, defendants moved that the suit be dismissed on the ground that it had been abandoned, no steps having been taken in its prosecution for more than five years, and the motion was denied, the judge a quo, as we are informed, being of opinion that the act •of 1898, defining “abandonment,” should not be given a retroactive effect. In October, 1903, the motion to dismiss was renewed on the same grounds, and, after hearing, granted, and the suit dismissed as abandoned, the evidence showing that more than five years had elapsed (after the passage of the act mentioned) since any steps had been taken in its prosecution. The plaintiffs have appealed.
Opinion.
The law governing the question at issue is ■entitled “An act to amend and re-enact article 3519 of the Revised Civil Code of 1870,” •and it reads:
“Section 1. Be it enacted * * * that article 3519 of the Revised Civil Code of 1870 be amended and re-enacted so as to read as follows :
“Art. 3519. If the plaintiff in this case, after having made his demand, abandons, or discontinues it, the interruption shall be considered as never having happened. Whenever the plaintiff, having made his demand, shall, at any time before obtaining final judgment, allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
The article in question is found under the subtitle, “Of the Causes Which Interrupt Prescription,” and, before its amendment,, it and the preceding article read as follows:
“Art. 3518. A legal interruption takes place when the possessor has been cited to appear before a court o{ justice, on account either of the ownership, or of the possession; and the prescription is interrupted by such demand, whether the suit had been brought before a court of competent jurisdiction or not.
“Art. 3519. If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.”
The amendment, therefore, consists of a distinct clause declaring under what circumstances a suit shall be considered abandoned. It was unnecessary to declare under what circumstances a suit should be considered discontinued, because it is commonly understood that such a result is accomplished when the plaintiff appears in court and voluntarily withdraws it; but the matter of abandonment was one of interpretation, depending upon circumstances and conduct, and subject to no fixed rule. It was therefore, as we think, the purpose of the General Assembly to substitute certainty for uncertainty, and, it being known when a suit is no longer pending in a court because of its having been discontinued, to make it known when it is no longer pending in court because of its having been abandoned.
As the present suit falls within the terms and meaning of the statute enacted for that purpose, and as no further proceedings can be had with reference to a suit which the law declares to have been discontinued or abandoned than to strike it from the docket, there is no error in the judgment appealed from.
There is at present no question of prescription in the case.
Judgment affirmed.
BREAUX, G. J., takes no part.
See dissenting opinion of NICHOLLS, J., 37 South. 860.