O’NIELL, O. J.
 

 This is a suit for certain real estate claimed by the defendant, in the parish of Acadia. The district judge decided the case in favor of the defendant, rejecting the plaintiffs’ demand, on the 13th of September, 1026. The plaintiffs appealed, and filed the record in this court on the 10th of November, 1926. The nature of the case was not within any •of the classes of cases entitled to be advanced to the summary docket, to be tried by preference ; hence the case remained on the so-called ordinary docket until the 2d day of January, 1931, when it was relegated to the delay docket, by effect* of an order rendered by this court on the 2d of July, 1930. 170 La. vii. The first section of the order gave to any and every litigant in any case on the docket of the court the right to have his case advanced to the preference docket, by filing a motion to that effect, accompanied by a printed brief showing the nature of the case, etc., within six months from the date of the order; and the second section of the order declared that all cases then on the ordinary docket should stand consigned to the delay docket on the 2d of January, 1931, except such •ca'ses as would be, in the meantime, advanced to the preference docket, according to the first section of the order. The reason for the order was that there was then an accumulation of many cases on the court’s docket, some of which were very old; and the purpose was to sift them out — to bring forward the cases in which any litigant desired a hearing, and to get rid of all cases in which the parties seemed to have lost all interest. None of the parties in this case availed himself of the privilege of having the case advanced to the preference docket, within the six months between the 2d of July, 1930, and the. 2d of January, 1931.
 

 On the 17th of February, 1932 — more than five years after the record was filed in this court — the defendant, appellee, filed a motion asking that the suit should be considered abandoned by the plaintiffs, that their appeal should be therefore dismissed, and that the notice of lis pendens should be canceled from the records of Acadia parish. The motion is founded upon the provisions of Act No. 107 of 1898, p. 155, amending article 3519 of the Civil Code, by adding the following paragraph:
 

 “Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse, without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
 

 The statute must be read and considered in connection with the subject dealt with in the article of the Code, which the statute amended; and, when it is so read and considered, it is applicable only to cases pending in the courts of original jurisdiction, and not to cases pending on appeal. Article 3519 of the Code is in paragraph 5 of section 2 of chapter 3 of title 23 of Book 3, which paragraph bears the title — and deals only with the subject — “Of the Causes which Interrupt Prescription.” Article 3518 declares that a
 
 *847
 
 citation to defend a lawsuit has the effect of Interrupting prescription; and article 3519 declares that, if the plaintiff, after making his demand, abandons or discontinues it, the interruption of prescription shall be considered as never having happened. To that has been added, by the act of 1898, the paragraph declaring that a plaintiff shall be considered as having abandoned his demand if, at any time before obtaining a final judgment, he allows five years to elapse without taking any steps in the prosecution of his demand. The only purpose or effect of the amendment was to define the word “abandon,” as used in the article, and thus to limit the time during which the mere pendency of a suit, without any action being taken by the plaintiff in the prosecution thereof, should serve to interrupt the prescription by which the right of action would be affected if the suit had not been filed. Paraphrasing the whole article of the Code, as amended by the act of 1898, it means this: If the plaintiff, having interrupted prescription by the filing of his suit and by the service of citation upon the defendant, either discontinues or abandons the suit, it will be considered as never having interrupted the prescription; and such an abandonment will be presumed if the plaintiff, at any time before obtaining final judgment, allows five years to elapse without taking any steps in the prosecution of his suit. When that condition arises, the suit ought to be dismissed from the docket of the court, and the defendant has the right to have it so dismissed. Lockhart v. Lockhart, 113 La. 874, 37 So. 860; Teutonia Loan & Building Co. v. Connolly, 133 La. 401, 63 So. 63; Charbonnet v. State Realty Co., 155 La. 1049, 99 So. 865; Losch v. Greco, 173 La. 223, 136 So. 572.
 

 Tlie reason why a suit that has been tacitly abandoned, by effect of Act No. 107 of 1898, ought to be dismissed from the docket of the court of original jurisdiction is that the right to prosecute
 
 that
 
 suit is at an end. The plaintiff may bring another suit, founded upon the same cause of action, but, if he does so, the question whether the right of- action is barred by prescription will be determined as if the first suit had never been filed.
 

 When we consider, therefore, the limited purpose and effect of the act of 1898, we are convinced that it was intended to be applied only to cases pending in the courts of original jurisdiction, and not to cases pending on appeal. The statute would be subject to the serious question whether it would be violative of the constitutional requirement (of section 16 of article 3 of the Constitution of 1921) that a statute shall have only one object, and a title indicative of i,ts object, if the statute should be construed so as to give an appellate court the right to dismiss the appellant’s appeal, or to dismiss the plaintiff’s suit, merely because of its having remained five years on the docket of the appellate court, without the plaintiff’s “having taken any steps in the prosecution thereof.” The title of Act No. 107 of 1898 is merely: “To amend and re-enact Article 3519 of the Revised Civil Code of 1870.” That article has nothing to do with the causes for — or the subject of— dismissing an appeal, or with the subject of dismissing a suit for a cause arising in the appellate court. It was so observed in Reagan v. Louisiana Western Railroad Co., 143 La. 754, 79 So. 328, 329, thus:
 

 “Act No. 107 of 1898 was not intended to provide a cause or ground for dismissing an
 
 *849
 
 appeal. The object or purpose expressed in its title is merely ‘to amend and re-enact article 3519 of the Revised Civil Code of 1870.’ That article has no reference whatever to causes for dismissing an appeal.”
 

 It is plain that the act of 1898 could not be applied to any case pending on appeal unless it be a ease in which the plaintiff has appealed from a judgment dismissing his suit or rejecting his demand; because, according to the rules for grammatical construction, the words “the same,” in the expression “he shall be considered as having abandoned the same,” mean the plaintiff’s demand, or the suit itself, and not an appeal.
 

 And the expression “at any time before obtaining final judgment” means before obtaining a final — as distinguished from an interlocutory — judgment of the court of original jurisdiction; because, inasmuch as the final judgment of an appellate court puts an end to the lawsuit, the expression “at any time before obtaining final' judgment” would not have any meaning or purpose at all, in the act of 1898, if it had reference to the final judgment of an appellate court.
 

 The Code of Practice, in two articles, defines a “final judgment,” or definitive judgment, as one which decides all of the questions in controversy, as far as the court rendering the judgment is concerned. Article 539 declares:
 

 “Definitive or final judgments are such as decide all the points in controversy between the parties.
 

 “Definitive judgments are such as have the force of res ad judicata.”
 

 Article 565 declares:
 

 “One may appeal from all final judgments rendered in causes in which an appeal iS' given by law, whether such judgments have been rendered after hearing the parties, or by default.”
 

 The Civil Code also declares that a “final judgment,” which has the force of res judicata, means a judgment of a court of original jurisdiction, from which there is no right of appeal, or one which has been affirmed on appeal. Article 3556, par. 31, deciares:
 

 “Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.”
 

 In Castelluccio v. Cloverland Dairy Products Co., 165 La. 608, 115 So. 796, 798, it was said:
 

 “It must be considered that there are final judgments of inferior courts, as well as final judgments of appellate courts. ‘Definitive or final judgments are such as decide all the points in controversy between the parties.’ C. P. art. 539.
 

 “The judgment rendered in the lower, court in favor of Salvador Castelluccio was a de,finitive or final judgment, not in the sense, it is true, that it was indefeasible as against the right of appeal, but it was such a judgment as could have been executed if a devolutive appeal only had been taken.”
 

 It is too plain, therefore, to admit of much argument that, when the Legislature said, in the act of 1898, that, if the plaintiff in a suit should allow five years to elapse without taking any steps in the prosecution
 
 *851
 
 oí -the suit “at any time before obtaining final judgment,” he should be considered as haying abandoned the suit, the Legislature meant at any time before obtaining a final judgment in the court of .original jurisdiction. It is not always incumbent upon the plaintiff to take steps in the prosecution of his 'suit in an appellate court, especially if the plaintiff is not the appellant. Ordinarily, cases pending on the docket of an appellate court have to await their turn to be argued and submitted for decision.
 

 In Eichelberger v. B. & T. Construction Co., 173 La. 400, 137 So. 194, we overruled a motion to dismiss, similar to the motion which we are now considering, on the ground that, as the case was not entitled to be heard by preference, there was nothing that the appellants could do to hasten the hearing. The opinion was rendered on the 2d of February, Í931, one month after the case had been consigned to the delay docket by effect of the order of court dated the 2d of July, 1930. Hence the status of the case was the same as the present case, although the motion to dismiss in the Eichelberger Case was filed on the 6th of December, 1930, which was nearly a month before the order of court consigning the case .to the delay docket went into effect. There is no reason why the ruling in this case should not be the same as in the Eichelberger Case.
 

 It is true that this court has said twice, and the Court of Appeal for the Parish of Orleans has followed the ruling once, that article 3519 of the Civil Code, as amended by Act No. 107 of 1898, is applicable to a case in which the plaintiff, being the appellant, has allowed five years to elapse without taking any steps in the prosecution of his suit in the appellate court; but the fact that the language of the statute and the subject-matter of the article of the Code made it not applicable to such a case was not called to the court’s attention, because there was no opposition to the dismissal of the appeal in any of those cases. We refer to City of New Orleans v. New Orleans Jockey Club, 129 La. 73, 55 So. 711; Hibernia Bank & Trust Co. v. Jacob A. Zimmerman & Sons, 167 La. 751, 120 So. 283; and Good v. Picone, by the Court of Appeal, 18 La. App. 42, 137 So. 870. In the first of those cases it was merely assumed, without any discussion or careful consideration, that article 3519 of the Code, as amended by the act of 1898, was applicable to a case pending on appeal, and the ruling was followed as a precedent, and without discussion, in the two other cases. The assumption that the article of the Code, as amended, was intended to be applied to such a case, is so manifestly wrong that we decline to perpetuate the error.
 

 The motion to dismiss is overruled.
 

 ST. PAUL, J., dissents.