O’NIELL, Chief Justice.
 

 The question in this case is whether a certain judgment, rendered on June 21, 1920, for the principal sum of $308.70, is now prescribed by the lapse of ten years, under the provisions of article 3547 of the Civil Code. If the judgment is not prescribed its amount now, with the 8 per cent interest and 10 per cent attorney’s fee stipulated in the judgment, has grown to $1,014.78.
 

 Article 3547 of the Civil Code provides that all judgments for money, whether rendered in this state or elsewhere, shall be prescribed by the lapse of ten years from the date oh which the judgment is rendered; provided, that any party having an interest therein may interrupt the prescription by filing a suit for that purpose and by having the citation served before the ten years have elapsed. When prescription is interrupted in that way the judgment remains in force for another period of ten years. And the interruption of prescription may be repeated any number of times by bringing a suit for that purpose and having the citation served before the last extension of ten years has expired.
 

 
 *445
 
 The judgment in this case was rendered against Bennie Evans in favor of Hamner & Co., Ltd., on June 21, 1920, and was afterwards acquired by L. Boyd Hamner. He filed suit against Evans on June 17, 1930, to prevent or interrupt the prescription of ten years, and a domicile service of the citation and of a copy of the petition was made on that day; but the evidence shows that Evans did not receive actual knowledge of the filing* of the suit until September 1, 1943. In fact, until that date he had no knowledge of the bringing of the original suit in which the judgment for $308.70 was rendered against him on June 21, 1920, because that judgment was taken without citation, on a promissory note embodying a waiver of citation and confession of judgment. Evans pleaded in this case that that judgment was null because the waiver of citation and confession of judgment were obtained before the debt was due, and hence were violative of Article 91 of the Constitution of 1898 and of 1913; now Section 44 of Article VII of the Constitution of 1921. But the question of validity of the original judgment, ab initio, need not be considered in this case.
 

 The judgment,for $308.70, was not recorded in the mortgage records, nor was any notice of lis pendens recorded in connection with the suit filed on June 17, 1930, to prevent or interrupt the prescription of the judgment for $308.70'. The evidence leaves no doubt that Evans had no knowledge that a judgment had been rendered against him or that a suit had been filed against him until September 1, 1943, when the sheriff seized certain cotton, corn and other crops belonging to Evans, to satisfy the judgment for $308.70. Evans then filed this suit, in which he obtained an injunction to prevent the execution of the judgment for $308.70, and prayed to have the judgment declared null or, if not null, outlawed by the prescription of ten years. After hearing the case the judge of the district court decided that the judgment for $308.70, dated June 21, 1920, was extinguished by the prescription of ten years. The judgment of the district court was affirmed by the court of appeal. 24 So.2d 164. The case is before us on a writ of review obtained by Hamner.
 

 The district court gave two distinct reasons for its judgment. The first of these reasons was that the judgment rendered on March 29, 1938, in the suit brought on June 17, 1930, to interrupt the prescription of the original judgment, dated June 21, 1920, was null because the judgment dated March 29, 1938, was rendered on confirmation of default, and less than two legal days had elapsed between the entering of the preliminary default, on March 25, 1938, and the confirming of it on March 29, 1938. The second reason for which the district court held that the original judgment dated June 21, 1920, was prescribed was that the suit filed on June 17, 1930, to prevent the prescription, was abandoned by the plaintiff’s failure to take any step in the prosecution of his suit during a continuous period exceeding five years; that is, during the period between the date of the filing of the suit, June 17, 1930, and the date on which the preliminary default was entered, March 25, 1938. The court of appeal af
 
 *447
 
 firmed the judgment of the district court for that reason and found it unnecessary to pass upon the other reason.
 

 Taking up the first reason for which the district court held that the judgment dated June 21, 1920, was prescribed, we take notice of the fact that the 25th day of March 1938, the day on which the preliminary default was entered in the suit to prevent prescription, was a Friday. See Calendar in Dart’s Louisiana Gen. Stat., pp. 1030-1031. Therefore two full legal days did not elapse between the date on which the preliminary default was entered, March 25, 1939, and the date on which the judgment by default was confirmed, March 29, 1938. Article 312 of the Code of Practice requires that two days- — not necessarily judicial days but excluding Sundays and legal holidays — shall elapse between the entering of a preliminary default and the confirming of the judgment by default. In this case the first day following the 25th of March 1938 was Saturday, which, according to Act 289 of 1936, was a half-holiday, and hence only half of a legal day. The next day being Sunday, the only full legal day that elapsed before the day on which the judgment by default was confirmed was Monday, the 28th day of March 1938. Hence only a half-holiday and a Sunday and one full legal day elapsed between the day on which the preliminary default was entered and the day on which the judgment by default was confirmed, i. e. Tuesday March 29, 1938. The confirmation of the judgment by default therefore was premature. If a judgment by default is confirmed before the expiration of two legal days after the entry of the preliminary default, the judgment is null. Ward & Jonas v. Graves, 11 La.Ann. 116; Taney v. Meilleur, 35 La.Ann. 117; Kelly, Weber & Co. v. F. D. Harvey & Co., 178 La. 266, 151 So. 201; Many Iron Works v. Kay, La.App., 151 So. 253; Frank v. Currie, La. App., 172 So. 843, certiorari denied April 26, 1937. In the latter case it was held point blank that where a statute requires a given number of days to elapse before a stated judicial proceeding may be had, Saturdays, being half-holidays must be excluded in computing the number of days.
 

 We prefer, however, to rest our decision, — that the judgment for $308.70 rendered on June 21, 1920, is prescribed — upon the ground upon which both the district court and the court of appeal rested their decision; that is, that the suit which Hamner filed against Evans on June 17, 1930, was abandoned by Hamner’s failure to take any step in the prosecution of the suit during a continuous peripd exceeding five years, and that for that reason that suit did not have the effect of interrupting the prescription of the judgment for $308.70 rendered on June 21, 1920. In article 3519 of the Civil Code it is declared that if the plaintiff, after bringing a suit to interrupt prescription, abandons or discontinues the suit, the interruption shall be considered as never having happened. This article was amended by Act 107 of 1898 by the addition of the following paragraph: ‘‘Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the
 
 *449
 
 prosecution thereof, he shall be considered as having abandoned the same.”
 

 The suit which Hamner brought against Evans on June 17, 1930, to interrupt prescription of the judgment rendered on June 21, 1920, remained dormant on the docket of the district court for a period exceeding seven years and nine months, during which time no step whatever was taken in the prosecution of the suit. The first action taken in the suit after it was filed was the entering of the preliminary default on March 25, 1938.
 

 It is argued for the relator, Hamner, that it was necessary for the defendant, Evans, to take some action to have the suit which was filed by Hamner on June 17, 1930, stricken from the docket of the court, in order to give effect to the abandonment of the suit by the plaintiff’s having taken no action in its prosecution during the period exceeding five years. Our opinion, on the contrary, is that the holding by the district court and by the court of appeal that it was not necessary for Evans to have the suit stricken from the docket in order to give effect to the abandonment is supported by the jurisprudence on the subject. We must bear in mind that Evans is not pleading that the demand which Hamner made in the suit which he filed on June 17, 1930, to interrupt the prescription of the judgment rendered on June 21, 1920, was barred by prescription by Hamner’s failing to take any step in the prosecution of that suit during the period exceeding five years. Evans is pleading that the judgment rendered against him in the original suit, on June 21, 1920, was allowed to prescribe by the failure of Hamner to take any step in the prosecution of the suit which he filed on June 17, 1930, during the period exceeding five years. According to the exact language of article 3519 of the Civil Code as amended by Act 107 of 1898, when it is read in connection with article 3518, the prescription of ten years, which was running against the judgment rendered on June 21, 1920, would have been interrupted by the filing of the suit to interrupt it on June 17, 1930, if that suit had not been abandoned. But it was abandoned by the failure of the plaintiff, Hamner, to take any steps in the prosecution thereof for the period exceeding five years; and the effect of the abandonment, according to the precise wording of the statute, is that the interruption of the prescription “shall be considered as having never happened” by Hamner’s filing his suit on June 17, 1930. There was no reason why Evans should have pleaded prescription against the orig'inal judgment, rendered on June 21, 1920, before an attempt was made to execute the judgment.
 

 The decision rendered by the district court on this subject, and affirmed by the court of appeal, is supported by the following decision by this court: Lockhart v. Lockhart, 113 La. 872, 37 So. 860; Scovel v. Levy’s Heirs, 118 La. 982, 43 So. 642; Teutonia Loan & Building Co. v. Connolly, 133 La. 401, 63 So. 63; Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865; Losch v. Greco, 173 La. 223, 136 So. 572; Verrett v. Savoie, 174 La. 844, 141 So. 854; Jones v. American Bank & Trust Co., 175 La. 160, 143 So. 35; Succession of Bon
 
 *451
 
 nette, 188 La. 297, 176 So. 397; Long v. Chailan, 196 La. 380, 199 So. 222.
 

 For example, in Lockhart v. Lockhart, 113 La. 872-874, 37 So. 860, decided in 1905, the court, after quoting article 3518 of the Civil Code and article 3519 as amended by Act 107 of 1898, declared: “The amendment, therefore, consists of a distinct clause declaring under what circumstances a suit shall be considered abandoned. It was unnecessary to declare under what circumstances a suit should be considered discontinued, because it is commonly understood that such a result is accomplished when the plaintiff appears in court and voluntarily withdraws it; but the matter of abandonment was one of interpretation, depending upon circumstances and conduct, and subject to no fixed rule. It was therefore, as we think, the purpose of the General Assembly to substitute certainty for uncertainty, and, it being known when a suit is no longer pending in a court because of its ■ having been discontinued, to make it known
 
 when it is no longer pending in court
 
 because of its having been abandoned.” [The italics are ours.]
 

 Again, in Charbonnet v. State Realty Co., 155 La. at page 1049, 99 So. 865, at page 867, the court declared: “The amended article [3519], when read in connection with the subject-matter of the section and of the article 3518 immediately preceding it, clearly means that a suit which has been abandoned for nonaction during a period of .five years does not constitute, a legal interruption to the course of prescription, and its effect is to leave a plaintiff in the same position that he would occupy if he had not instituted the suit.”
 

 In Losch v. Greco, 173 La. 228, 136 So. 572, 573, the court quoted the paragraph which we have quoted from Charbonnet v. State Realty Co., and added:
 
 “In
 
 other words, the abandonment which results as a legal consequence of a plaintiff’s failure to take any action in his suit during a period of'five years merely bars his right to continue with the prosecution, of that suit. It does not prevent his bringing another suit for the same cause of action; but, if he brings another suit for the same cause of action, the question whether his right of action is barred by prescription must be determined as if no suit had been theretofore brought.”
 

 In Verrett v. Savoie, 174 La. 848, 141 So. 854, 855, the court declared: “The reason why a suit that has been tacitly abandoned, by effect of Act No. 107 of 1898, ought to be dismissed from the docket of the court of original jurisdiction is that the right to prosecute
 
 that
 
 suit is at an end. The plaintiff may bring another suit, founded upon the same cause of action, but, if he does so, the question whether the right of action is barred by prescription will be determined as if the first suit had never been filed.”
 

 In Succession of Bonnette, 188 La. 306, 176 So. 397, 400, the court declared: “However, claimant in this case did, upon her emancipation by marriage, make demand for an accounting and settlement from her father in her suit filed on December 5, 1914, but the claimant, having allowed five years to elapse without taking any steps in the
 
 *453
 
 prosecution thereof, is considered as having abandoned the same, and it therefore did not interrupt the prescription. Article 3519, Rev.Civ.Code, as amended by Act No. 107 of 1898; Lockhart v. Lockhart, 113 La. 872, 37 So. 860; Teutonia Loan & Building Co. v. Connolly, 133 La. 401, 63 So. 63; Verrett et al. v. Savoie, 174 La. 844, 141 So. 854.”
 

 In Long v. Chailan, 196 La. at pages 397, 398, 199 So. 222, 227, in an unanimous opinion, rendered in December 1940, the court declared: “According to the terms of the statute it is not the dismissal of the suit that causes it to lose the effect of interrupting prescription. What causes the interruption to ‘be considered as having never happened’ is the plaintiff’s allowing five years to elapse without taking any steps in the prosecution of his suit. The allowing of five years to elapse without taking any steps in the prosecution of a suit constitutes an abandonment of the suit, and the effect of the abandonment is that ‘the interruption (of prescription) shall be considered as having never happened.’ It is not necessary for the defendant to have the suit dismissed or stricken from the docket in order that the abandonment may destroy whatever effect the suit may have had in the way of interrupting prescription. When the five years of inaction on the part of the plaintiff have expired, the suit becomes as ineffectual so far as it may have interrupted prescription as if the interruption had ‘never happened’. Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865; Losch v. Greco, 173 La. 223, 136 So. 572; Succession of Bonnette, 188 La. 297, 176 So. 398.”
 

 All of the decisions which we have cited —and others rendered by this court and some by the courts of appeal — were reviewed in an opinion rendered by the Court of Appeal for the Second Circuit in April 1942, in the case of Sandfield Oil & Gas Co. v. Paul, 7 So.2d 725; in which case the court of appeal decided the identical question which we are deciding now, and decided it as it is decided in the present case. The opinion rendered in the Sand-field Oil
 
 &
 
 Gas Co. case is apparently the latest expression of opinion on this subject by any appellate court in this state previous to the rendering of the decision by the district court in the present case. The court of appeal in this case cited and approved unanimously the decision which that court had rendered in the Sandfield Oil & Gas Co. case.
 

 The judgment of the court of appeal affirming the judgment of the district court in this case is affirmed at the cost of the relator, L. Boyd Hamner.
 

 FOURNET, J., concurs.
 

 HAMITER, J., dissents.