TALIAFERRO, Judge.
This suit on a promissory note was filed February 24, 1933. The then judge of the District Court in and for Natchitoches Parish, Louisiana, being one of the parties plaintiff, recused himself and appointed Hon. J. B. Hill, Judge of the Eleventh District Court, to hear and determine the case. The order was entered the day the suit was filed. Since that time Judge Hill has died, and Judge Jones has ceased to be judge of the District Court for Natchi-toches Parish. However, on October 10, 1949, a default was entered in the -case before the present judge of that Court, more than five years after he became such. This action prompted defendant, Joe Desa-dier, to file a plea of prescription of five years as is provided by the second paragraph of Article No. 3519 of the R.C.G It reads as follows:
“Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without 'having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
This plea was sustained and the suit dismissed at plaintiffs’ cost. They appealed.
Appellants argue that regardless of the status of-their suit with respect to abandonment, prior to the taking of default therein, it took on new life, became revived, so to speak, by effect of the default judgment, and, therefore, is not vulnerable to the plea'predicated upon Article 3519 of the Civil Code. In effect, this argument says that since the dismissal • of the case was not asked by defendants or either of them, prior to the default judgment, the right to do so was lost from and after date of the default judgment. They cite in support of their position the case of Harrisonburg-Catahoula State Bank v. Meyers et al., La.App., 185 So. 96. This case, on its face, does provide some comfort to the appellants, but unluckily for them, it is no longer the accepted jurisprudence of this Court, nor is it in consonance with the jurisprudence of the Supreme Court. It was expressly overruled by us in the more recent case of Evans v. Hamner, La.App., 24 So.2d 164. In this case it was explicitly held that the rendition of a judgment by default, after pend-ency of the suit for five years or more, without there being taken therein any step in its prosecution, was wholly abortive, without any legal effect whatever.
The Supreme Court granted writ of review in the Evans v. Hamner case and affirmed the opinion of this Court therein. 209 La. 442, 24 So.2d 814. The Court, in its opinion, cited an array of its own decisions which support what it had to say therein, several of which are discussed.
The judgment from which appealed, is correct. It is hereby affirmed with costs.