NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-678

CHRISTOPHER J. BENOIT
VERSUS
AUDREY A. NASH, ET AL.

**********

FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 93-3359
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

Pickett, J., dissents and would refer the motion to dismiss the appeal to the panel on the merits of the appeal.

APPEAL DISMISSED.

Thomas LeBlanc
Loftin, Cain, & LeBlanc, L.L.C.
113 D. Michael Debakey Drive
Lake Charles, LA 70601
(337) 310-4300
COUNSEL FOR PLAINTIFF/APPELLEE:
    Christopher J. Benoit

Barry Roach
Attorney at Law
2917 Ryan Street
Lake Charles, LA 70601
(337) 433-8504
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Aubrey Nash and Andrew Waggoner

**Michael Schwartzberg**
**Vamvoras, Schwartzberg & Hinch, L.L.C.**
**1111 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-1621**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Aubrey Nash and Andrew Waggoner**

**James Huey Gibson**
**Allen & Gooch**
**2000 Kaliste Saloom Road, Suite 400**
**Lafayette, LA 70508**
**(337) 291-1300**
**COUNSEL FOR INTERVENORS/APPELLEES:**
    **Terrell Fowler and Terrell D. Fowler, APLC**

**KEATY**, Judge.

Defendants-Appellants, Audrey Nash and Andrew Waggoner, have appealed the trial court's ruling which revives a prior judgment. The Plaintiff-Appellee, Christopher J. Benoit, and the Intervenors-Appellees, Terrell Fowler and Terrell D. Fowler, APLC, have filed a motion to dismiss this appeal. For the reasons assigned herein, we dismiss the appeal.

In 1993, Plaintiff, whose attorney of record was Terrell Fowler, filed a personal injury suit against Defendants as a result of a physical attack on Mr. Benoit. On May 13, 1994, a default judgment was rendered against Defendants in the amount of $279,030.33. The judgment was filed on May 18, 1994.

On May 11, 2004, Plaintiff filed a "Petition to Reinscribe the Judgment." Plaintiff did not take any other action in connection with the revival of the 1994 judgment until March 10, 2008, which is when he supplied the clerk of court's office with Defendants' addresses and requested that they be served with the petition to reinscribe. On April 22, 2008, Defendants filed an ex-parte motion to dismiss the revival action on the ground of abandonment. The trial court signed an order of dismissal on May 16, 2008.

On October 22, 2008, Plaintiff filed a motion to set aside the judgment of dismissal. Because it was alleged in a separate malpractice action that Plaintiff's original counsel, Terrell Fowler, had committed legal malpractice by failing to revive the judgment, Terrell Fowler and Terrell D. Fowler, APLC, intervened in the instant revival action. Intervenors also filed a motion to set aside the judgment which had dismissed the revival action as abandoned.

Following a hearing, the trial court granted the two motions to set aside the dismissal judgment, finding that the abandonment provision found in La.Code Civ.P. art. 561 did not apply to Plaintiff's revival action. Defendants filed a writ application seeking review of the trial court's ruling setting aside the dismissal judgment;

however, this court denied that writ application. Subsequently, Defendants filed an application for writ of certiorari which was denied by the Louisiana Supreme Court. *Benoit v. Nash*, 10-1008 (La. 6/25/10), 38 So.3d 356.

Thereafter, Plaintiff filed with the trial court a Motion for Leave To Supplement and Amend the Petition To Reinscribe Judgment. On January 4, 2011, the trial court signed an order of revival with regards to the money judgment that had been rendered in Plaintiff's favor on May 13, 2004. On March 3, 2011, Defendants filed an appeal from the trial court's order of revival.

Plaintiff and Intervenors argue that the instant appeal should be dismissed because the order of revival which Defendants seek to appeal constitutes an interlocutory judgment under La.Code Civ.P. art. 1841. Also, Plaintiff and Intervenors contend that Defendants' appeal cannot be converted to a writ application because Defendants' motion for appeal was not filed within the thirty-day deadline for writ applications as established by Uniform Rules—Courts of Appeal, Rule 4–3. Additionally, Plaintiff and Intervenors argue that the law of the case doctrine bars this appeal because the ruling at issue is the reinstatement of the revival action which was previously reviewed by this court and the Louisiana Supreme Court.

In their memorandum in opposition to the motion to dismiss the appeal, Defendants assert that the revival judgment rendered by the trial court is a final, appealable judgment. Defendants point out that pursuant to La.Code Civ.P. art. 1841, a final judgment is one that decides the merits of the case in whole or in part. Defendants contend that Plaintiff initiated the instant revival proceedings in order to extend the life of his 1994 judgment beyond ten years. Thus, Defendants maintain that the trial court's revival judgment granted Plaintiff the full relief sought by the petition for revival which he filed in 2004. According to Defendants, the trial court's judgment of January 4, 2011, is final because it decides the merits of Plaintiff's effort

2

to revive the 1994 money judgment. As such, Defendants argue that a devolutive appeal was the appropriate means by which to seek review of the judgment of January 4, 2011.

Additionally, Defendants assert that no appellate opinion has been written addressing the issue of whether the law of abandonment is applicable to revival actions since the decision was rendered in *Evans v. Hamner*, 24 So.2d 814, 209 La. 442 (La.1946). Defendants contend that a written appellate opinion is warranted in this case to clear up the issue of whether the law of abandonment can be applied to invalidate Plaintiff's attempt to revive the 2004 money judgement.

We note that Defendants had previously obtained a judgment from the trial court dismissing Plaintiff's petition for revival on the ground of abandonment under La.Code Civ.P. art. 561. When Plaintiff and Intervenors filed motions to set aside the judgment of dismissal, the trial court granted the motions to set aside the dismissal judgment based on its finding that the concept of abandonment does not apply to proceedings for revival of judgments. Thereafter, Defendants filed a writ application with this court seeking review of the trial court's holding that Plaintiff's revival proceedings should not be dismissed on the ground of abandonment. This court denied the writ, finding no error in the trial court's ruling. By this appeal, Defendants seek to have this court revisit the issue of whether Plaintiff's revival action should be dismissed on the ground of abandonment. Since this court has already considered and rendered a ruling on this issue in Defendants' prior writ application, filed under this court's docket number 09-1467, we find merit in Plaintiff's and Intervenors' argument that the law of the case doctrine precludes further review of this issue. Further, we disagree with Defendants' assertion that the abandonment issue should be revisited because one of the judges on the panel of this court which reviewed the writ application number 09-1467 dissented from the majority's decision.

Having concluded that the law of the case doctrine precludes this court from giving further consideration as to whether La.Code Civ.P. art. 561 is applicable to the instant case, we decline to permit Defendants to file a writ application seeking review of the order of revival, especially since Defendants have indicated that their challenge to the order of revival is based on their belief that the revival proceedings should have been dismissed on the ground of abandonment. For the foregoing reasons, we hereby grant the motion to dismiss the appeal. Costs of this appeal are assessed against the Defendants.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal