**143 So. 41**

**UNITED RAILWAY MEN'S OIL ASS'N v. DUPUY et al.**

No. 28117.

June 20, 1932.

See, also, 173 La. 392, 137 So. 73.

D. W. B. Kurtz, Jr., of Columbia, Mo., and James J. Landry, of New Orleans, for appellant.

L. K. Watkins, of Minden, for appellees.

**ODOM, J.**

Appellee has moved to dismiss this appeal on the ground of abandonment, alleging that the transcript was filed in this court on November 24, 1926, and that:

"The appellants have made no effort to have the case tried or advanced for trial, but permitted the court, without objection, to have the case placed on the delay or dead docket, and have abandoned the appeal and thereby acquiesced in the judgment of the lower court by allowing five years to elapse without any effort to have the judgment of

the lower court reversed on appeal, which period of prescription is pleaded by your petitioners."

Article 3519 of the Civil Code, as amended by Act No. 107 of 1898, p. 155, provides that:

"Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same."

More than five years elapsed between the date on which the transcript in this case was filed and the date on which appellee filed its motion to dismiss. During these five years, appellant took no steps in the prosecution of the appeal. But article 3519 of the Code, as amended, has no application to cases pending on appeal in the appellate courts of the state. This was definitely decided in the case of Mrs. Perina Savoie Verrett et al. v. Julian Savoie 174 La. 844, 141 So. 854, decided Monday, April 25, 1932.

The motion to dismiss the appeal is denied.