ELLIS, Judge.
Plaintiff has appealed from a judgment of the Seventeenth Judicial District Court for the Parish of Lafourche, dismissing his suit as having been abandoned under the provisions of Article 3519 of the LSA-Civil Code.
No portion of the original record such as plaintiff’s petition, defendant’s answer or any other pleadings that might have been filed therein, nor any action in the Supreme Court of the State of Louisiana prior to the judgment rendered by the latter court on November 7, 1955 has been placed in the record of appeal to this Court, however, the plaintiff’s brief contained a statement of the case which the defendant in his brief states “fairly sets forth the facts in this case * * and we will, therefore adopt those facts and we quote :
“Alexis Plaisance, in 1946, filed suit against Thomas Blanchard, his son-in-law, to be declared the owner of 30.9 acres of land located in Lafourche Parish, Louisiana.
“After the case was tried on its merits, but before it was decided, Alexis Plaisance died, and his heirs were substituted as parties plaintiff. The lower court then rendered judgment in favor of plaintiffs as the owners of the property in controversy.
“Defendant appealed from this judgment to the Louisiana Supreme Court, which found that the substitution had not been properly made because one of the heirs was a minor not represented by a tutor, and remanded the case to the lower court so that a proper substitution could be made and a valid judgment rendered. This decision of the Supreme Court was rendered on Novem *613 ber 7, 1955. Plaintiffs did not apply for a rehearing and on November 23, 1955, the record was returned to the lower court and filed by the Clerk thereof.
“On November 10, 1960, more than five years after the date of the Supreme Court’s decision, but less than five years after the date the suit was received by the lower court, one of the plaintiffs, Mrs. Laura Plaisance Bruce, filed a rule to show cause why the suit should not be placed on the active docket of the lower court so that further proceedings could be had in accordance with the decision of the Supreme Court.
“In response to this rule, the defendant, Thomas Blanchard, filed a ‘Motion to Dismiss for Non-Prosecution’, averring ‘that plaintiffs have abandoned the instant proceeding in that they have, prior to obtaining final judgment, permitted more than five years to elapse without taking any steps in the prosecution thereof.’
“On November 22, 1960, after a hearing on said rule and motion, the lower court rendered an order in favor of defendant dismissing plaintiffs’ suit on the ground of abandonment under Civil Code Article 3519.”
In Plaintiff’s brief we find the following statement with regard to the law which both counsel agree was applicable at the time the appeal was taken by plaintiff from the judgment of the District Court sustaining the motion to dismiss on the lack of prosecution for five years, which judgment was rendered on Nov. 22, 1960, being the same day that the motion to dismiss was filed by the defendant. We quote the said law in plaintiff’s brief as follows:
“The pertinent statutory law in effect at the time this appeal was taken was found in paragraphs 2 and 3 of Article 3519 of the [LSA-] Louisiana Civil Code, which provided :
“ ‘Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.
“ ‘Any appeal, now or hereafter pending in any appellate court of this state, in which five years have elapsed without any steps having been taken in the prosecution thereof, shall be considered as abandoned, and the court in which said appeal is pending shall summarily dismiss such appeal.’
The paragraph first quoted above was added to the Article by Act 107 of 1898 and the second paragraph above was added by Act 615, Sec. 1 of 1954 * * * a
In 1932 the Supreme Court held that paragraph 2 of Article 3519 applied only to cases pending in the court of original jurisdiction, Verrett v. Savoie, 174 La. 844, 141 So. 854; United Railway Men’s Oil Ass’n v. Dupuy, 175 La. 177, 143 So. 41, however, in 1954 the Legislature amended Article 3519 by adding Paragraph 3 which is applicable to cases pending on appeal.
We are not concerned with Paragraph 3 of Article 3519 as no motion was filed in the Supreme Court of the State of Louisiana to dismiss the appeal on that ground and under that provision of the Article. We are concerned, however, with the date of the finality of the judgment of the Supreme Court which would be the end or limit of the duration of its jurisdiction of this case. In other words, the jurisdiction of the Supreme Court would cease on the date that its judgment became final for all purposes of the original appeal. It is now well settled that in the event a party fails to apply for a rehearing or withdraws an application for a rehearing once applied for, judgment as to that party becomes final after the required time for application for a rehearing has expired. Savage v. Packard, 218 La. 637, 50 So.2d 298.
*614 The judgment of the Supreme Court of the State of Louisiana having been rendered on November 7, 1955, prior to the effective date of the Louisiana Code of Civil Procedure on January 1st, 1961, the time for filing an application for a rehearing by either party and the finality of that judgment was governed by Article 911 of the Louisiana Code of Practice which read as follows:
“Article 911 Judgments of Supreme Court — When become final — Petitions for rehearing. — Judgment rendered in the Supreme Court of the State shall become final and executory on the fifteenth calendar day after rendition, in term time and out of term time, unless the last day shall fall on a legal holiday when the delay shall be extended to the first day thereafter not a legal holiday; provided, that in the interval parties in interest shall have the right to apply for rehearing; provided further, in the recess of the court, the court shall have the right to dispose, at chambers, of applications for rehearing. (As amended, Acts 1879, No. 18; Acts 1908, No. 223)”
It is clear under the law and the terms of the Article of the Code of Practice, supra, that no application for rehearing having been filed by either party, the judgment of the Supreme Court became final and ex-ecutory on the fifteenth calendar day after its rendition which would be November 22, 1960. The finality of judgments are now governed by Article 2167 of the LSA-Code of Civil Procedure.
The five year period under Article 3519 of the LSA-Civil Code began to run on November 22, 1955, and had no action been taken by the plaintiffs in this case in the trial court prior to that date, the defendant’s motion to dismiss would have been valid, however, action was taken on November 10, 1960 which interrupted the five year period. The motion to dismiss should have been overruled.
Accordingly, it is now ordered that the judgment of the Lower Court he reversed and the motion of the defendant to dismiss be and the same is hereby denied and this case remanded to the District Court for further proceedings in accordance with law and not inconsistent with the views herein expressed.
Reversed and remanded.