TALIAFERRO, Judge.
The State, through its Collector of Revenue, seeks, in this suit, to recover judgment against the defendant, W. H. Parsons, doing business as Square Deal Liquor Store, for One Thousand One Hundred Eighty-One and 77/100 ($1,181.77) Dollars, allegedly due on sales tax account for the period January 1, 1945, to December 31 1947, and for Fifteen ($15.00) Dollars al *690 legedly due for occupational license tax for the same years, plus ten per cent (10%) of said amount as attorney’s fees.
The proceeding was by rule and as to the sales taxes the provisions of Act No. 57 of the Regular Session of the Legislature for the year 1944 are invoked; and as to the occupational license taxes, Act No. 15 of the 3rd Extra Session of 1934, as amended, is invoked.
The rule was signed by the District Judge on December 17, 1948, and it was filed on that day. It ruled defendant to show cause at 10:00 o’clock A.M. December 21, 1948, why he should not be condemned to pay the taxes, etc. sued for. Service was made upon defendant on Saturday, December 18th. He did not answer nor otherwise make appearance. At the hour and on the date named, viz. December 21st, the rule was made absolute and judgment was accordingly rendered and signed as prayed for.
Defendant appealed to this Court. He challenges the validity of the judgment on the ground that it was rendered prematurely in that he was not allowed the minimum time (two days) exclusive of holidays, in which to answer, after service upon him.
The law applicable to this sort of action is Section 15(a) of Act No. 9 of the Regular Session of the Legislature of the year 1948, which reads:
“The procedure to collect the delinquent taxes due hereunder shall be by rule, which shall be tried or heard by preference, in all courts, original and appellate, whether in or out of term time and either in open court or in chambers at such time as may be fixed by the court, which shall be not less than two nor more than ten days, exclusive of holidays after service on the defendant or opposing party.”
It seems clear that appellant’s position is well founded. The day the service was made upon him (Saturday) is not counted in determining the commencement of the time in which he has to answer, and Sunday being a holiday, of course, under the plain language of the quoted law, likewise is not counted. Therefore, the two days delay began to run with Monday, the 20th day of December. He had all of December 21st in which to answer; and trial of the rule on that day was premature. Defendant thereby was not accorded “two * * * days, exclusive of holidays after service” in which to answer the rule. Article 180 of the Code of Practice. See: Evans v. Hamner, 209 La. 442, 24 So.2d 814.
For the reasons herein given, the judgment appealed from is annulled, reversed and set aside, and this cause is now remanded to the lower Court for further proceedings.