GLADNEY, Judge.
The Collector of Revenue of the State of Louisiana has perfected a devolutive appeal from a judgment rendered May 15, 1953, sustaining an exception of no cause and no right of action with dismissal of his summary proceeding brought under LSA-R.S. 13:5031, 5032, 5033 and 5034 and LSA-R.S. 47:1574 for the purpose of collecting Louisiana sales taxes for the period of February, June, August, October and November, 1947, through June 7, 1948. ■ In this court a joint motion consolidated this case with 72 So.2d 754, between the same parties, the issues in each being identical.
Appellee has filed herein a motion to dismiss the appeal on grounds argued that: first, this court is' without jurisdiction ratione materiae to consider á 'devolutive *751 appeal under the statutory provisions under which appellant elected to proceed; and, second, the appeal is subject to dismissal as the same statutory provisions require the transcript to 'be lodged in this court within fifteen days from the rendition of judgment on May 15, 1953, whereas the record was not filed herein until June 15, 1953, but prior to the return day fixed by the district judge.
LSA-R.S. 47:1574 was taken from Act No. 14 of 1935, 2nd Ex.Sess. In state v. Standard Oil Company of Louisiana, 1938, 188 La. 978, 178 So. 601, 610 the Supreme Court said:
“The procedure invoked by the State in instituting this suit and under attack by the defendant is authorized by Act No. 14 of the Second Extra Session of 1935, and, as indicated by its title, is ‘An Act Providing additional procedure to facilitate and expedite the determination and trial of all claims by or on behalf of the State for taxes, excises and licenses.’ Section 1 provides that such proceedings shall be summary and be heard at such time as may be fixed by the court, which shall not be less than 2 nor more than 10 days after notice to the defendant or opposing party. Section 2 provides that all defenses must be filed at one time prior to the time fixed for hearing and that no continuance may be granted by the court to any defendant except for legal grounds. Section 3 fixes the time within which judgment must be rendered and signed and when such judgment becomes final. It also declares that only suspensive appeals may be granted and must be perfected within 5 calendar days from the rendition of the judgment. Section 4 provides that the allegations of the State’s petition shall constitute a prima facie case whenever accompanied by proper affidavit, and the burden of proof to establish the contrary shall then rest on the defendant. Section 5 states that the act ‘shall be construed as providing additional remedies, and only ■ laws or parts of laws inconsistent or in conflict with the provisions hereof are hereby repealed.’ ”
The statute very plainly was not intended to deprive the State of any of its existing rights or remedies. However, ap-pellee points to subsection (3) of LSA-R.S. 47:1574 as depriving the State of a devolu-tive appeal. It provides:
“That all matters involving any such claim shall be decided within forty-eight hours after submission,. whether in term time or in vacation, and whether in the court of first instance or in an appellate court; and all judgments .sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall 'be allowed. Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by' giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. ' Such appeals, whether to a court of appeals or to the Supreme Court, shall be made returnable -in not more than fifteen calendar days from the rendition of the judgment.”
Obviously, the provision therein for suspensive appeals relates to “judgments sustaining any such claim”. The limitation is placed upon the defendant and not upon the State. A suspensive appeal from a decree of dismissal of its claim could be of no benefit to the State. We are of the opinion the State was entitled to a devolu-tive appeal and that such is subject to the applicable provisions of the Code of Practice. This finding also disposes of appel-lee’s second contention that the appeal was not timely filed. The fifteen-day limitation found in LSA-R.S. 47:1574 relates to the requirements for completing the suspen-sive appeal only, a remedy available only to defendant in the rule.
.The motion' to dismiss the appeal is denied.
*752 We are not advised of the reasons of our brother of the district 'bench for sustaining defendant’s exception of no cause on right of action. The exception is urged upon the following grounds:
“That under the provisions of Revised Statutes of 1950, Title 13, Section 5031, and Revised Statutes of 1950, Title 47, Section 1574, Sub-section 1, the proceedings are required to be summary and are required to be tried not less than two nor more than ten days after notice to the defendant; that personal service was made on the defendant the 11th day of May, 1950 requiring him to appear on the 16th day of May, 1950; that inasmuch as the minutes of the Court show that no action was taken on the rule within the prescribed time, the .action has expired by statutory limitations.
“That since no new suit was filed or has been pending within the three year period prescribed by Article 19, Section 19 of the Constitution of the State of Louisiana for the year 1921, the entire action or claim for taxes has prescribed by law.”
The effect of appellee’s first argument is that unless the State actually tries its rule within ten days after notice is served upon the defendant the action expires by reason of the ten-day limitation placed thereon by the LSA-R.S. 47:1574(1) which provides:
“All such proceedings, whether original or by intervention or third opposition, or otherwise, brought by or on behalf of the state, or by or on behalf of the collector, for the determination or collection of any tax, excise, license, interest, penalty, attorney fees, costs or other charge, claimed to be due under any provision of this Sub-title, shall be summary and shall always be tried or heard by preference, in all courts, original and appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.”
Counsel for appellee cites no authority for the validity of the argument and we know of none. He does cite State v. Parsons, La.App.1950, 43 So.2d 689, and Evans v. Hamner, 1946, 209 La. 442, 24 So.2d 814, but both of these decisions were decided adversely to the State because the defendant in each case was not accorded the minimum time fixed in the statute to prepare and present his defense. In the instant case the defendant has suffered no prejudice by the delay.
Counsel for exceptor further suggest the State’s rights should expire in the same manner as a restraining order where not timely extended. This assertion is not valid for the reason the provisions of LSA-R.S. 13:4064(6) specifically provide that every restraining order shall “expire within such time after entry, not to exceed ten days * * * unless * * * extended * * The summary remedy granted by LSA-R.S. 47:1574 sought to expedite the collection of taxes not to prevent or handicap the State in its attempt to do so. In State v. Ernest M. Loeb Company, Inc., La.App.1942, 8 So.2d 739, 742, the court observed:
“It is evident, from a reading of the statute, that the legislature sought to provide, in addition to all other existing procedure, an expeditious remedy having, as its sole object, any matters involving the public fisc; a procedure summary in character and this at an end to facilitate and accelerate the determination and trial of all claims of the State and its departments for taxes, excises and licenses. Accordingly, in the hearing and determination of these tax claims, the legislature exacted explicit functions and duties of the courts and litigants and commanded their observance. The statute provides that ‘all defenses, whether by exception or to the merits, made or intended to be made * * * must be presented at one time and filed * * * prior to the time fixed for *753 the hearing, and no court shall consider any defense unless so presented and filed.’ The language used is plain and unambiguous and embodies a peremptory edict directed to courts enjoying original jurisdiction in such claims.”
Legislative intent to limit the State’s handling of a case by the summary procedure is not indicated in the statute.
The final contention made by ap-pellee is that the State’s claim has prescribed since its filing in the district court on May 6, 1950, inasmuch as the court minutes fail to show any entry subsequent thereto until May 15, 1953, and for support of his view he refers to Article XIX, section 19 of the Louisiana Constitution. The reference has to do with the recordation of mortgages and privileges on immovable property in order to affect third parties. The argument of counsel is effectively answered by the Supreme Court in Oil Well Supply Company v. Red Iron Drilling Company, 1946, 210 La. 222, 26 So.2d 726, 729, wherein that court said:
“Although, under the constitutional provision, tax liens, mortgages and privileges are prescribed in three years, the right to recover the taxes themselves by ordinary suit and judgment against the tax debtor remains unimpaired. Apparently that is the procedure that was followed in this case. There is no reference at all to the tax liens and privileges in the proceedings in which the judgments were obtained nor were the tax liens and privileges converted into the judgments. As a .matter of fact, because of the failure in each instance to record the proper statement in the mortgage records as required by the respective statutes which levied the taxes, created the lien and granted the preference, there was no basis on which the lien and privilege could be asserted in the proceedings which gave rise to the judgments. The judgments themselves are simply personal judgments against the tax debtor in the various amounts due the State for the taxes claimed herein. As a result of their recordation in the mortgage records, they operate as judicial mortgages against all the property of the judgment debtor.”
In this appeal there is no issue as to the effect of a lien on immovable property by the taxes appellant seeks to collect. The institution of the rule brought about an interruption of any statute of limitation which otherwise might be applicable. LSA-R.S. 9:5801 provides:
“The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.”
The plea of prescription is not good.
Our conclusion is that the judgment from which appealed sustaining the exception of no cause or right of action is erroneous and the exception is hereby overruled. The case is remanded' for further proceedings not inconsistent with the views expressed herein. The taxation of costs herein to await final determination of the case.