HAWTHORNE, Justice.
The Collector of Revenue of the State of Louisiana instituted a summary proceeding pursuant to R.S. 47:1574 against Virginia C. Frost for alleged income tax deficiency for the year 1954. On March 4, 1959, judgment was read and signed in open court sustaining defendant’s exception of prematurity, exception of no cause or right of action, and plea to the jurisdiction and dismissing the collector’s suit. On February 19, 1960, more than 11 months but less than one year later, the district judge granted to the Collector of Revenue a devolutive appeal without bond, returnable to this court on April 11, 1960. Appel-lee, the taxpayer, has filed a motion in this court to dismiss the appeal on the following grounds:
*732 (1) R.S. 47:1574, the statute under which this proceeding was instituted, requires an appeal in a summary proceeding brought under it to be taken within five days of the date of rendition of judgment, and the motion for appeal in this case was not filed until almost a year after rendition of judgment.
(2) The statute requires that the appeal taken under it be made returnable in the appellate court in not more than 15 calendar days from rendition of judgment, and tlie appeal in the instant suit was made returnable more than a year after rendition of judgment in the district court.
(3) The statute forbids the granting of a devolutive appeal such as was taken in this case.
The question presented for our determination is, as stated in the collector’s brief, whether the collector may appeal devolutively from the judgment sustaining exceptions to a summary proceeding filed under R.S. 47:1574.
The first paragraph of that statute reads:
“In addition to any other procedure provided in this Sub-title or elsewhere in the laws of this state; and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising under this Sub-title, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the state, or by or on behalf of the collector, for taxes, excises, and licenses and for the penalities, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:”
Subsection (1) of the statute provides, among other things, that all proceedings brought by or on behalf of the state or the collector for the determination or collection of any tax or other charges claimed to be due under the provisions of this subtitle shall be summary, and shall always be tried or heard by preference in all courts, original and appellate, at a time to be fixed by the court which shall be not less than two nor more than ten days after notice to defendant or opposing parties. Subsection (2) deals with the time for filing any defense or exception. Subsection (3) provides:
“(3) That all matters involving any such claim shall be decided within forty-eight hours after submission,, whether in term time or in vacation,, and whether in the court of first instance or in an appellate court; and' all judgments sustaining any such claim shall be rendered and signed the same-day, and shall become final and execu-tory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted,, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with' good and solvent security, in a sum’ double that of the total amount of the-judgment, including costs. Such appeals, whether to a court of appeals or-to the Supreme Court, shall be made-returnable in not more than fifteen calendar days from the rendition of the-judgment.”. (Italics ours.)
In Collector of Revenue v. Rundell, La. App., 72 So.2d 749, the Court of Appeal,. Second Circuit, had before it the identical' question here presented. In that case the Collector of Revenue of the State of Louisiana instituted a summary proceeding to> collect Louisiana sales taxes. An exception of no cause and no right of action filed by the defendant taxpayer was sustained, and the proceeding dismissed. From this judgment the collector appealed de-volutively to the Court of Appeal. In that court appellee filed a motion to dismiss the appeal on the grounds (1) that the appellate court was without jurisdiction ratione materiae to consider a devolutive appeal under the statutory provisions under which the collector was proceeding, R.S. 47:1574, *733 and (2) that these statutory provisions required the transcript to be lodged in the Court of Appeal within IS days from the rendition of the judgment, and that it had not been timely filed.
The Court of Appeal in a well-reasoned opinion denied appellee’s motion to dismiss the appeal, pointing out that the provisions of Subsection (3) of the statute for suspen-sive appeals relate, in the very language of the statute, to “all judgments sustaining any such claim” — meaning, of course, that these provisions relate to a judgment sustaining the collector in his efforts to collect the tax-, and that the limitation of the statute as to a devolutive appeal is placed upon the defendant taxpayer and not upon the state or the collector. That court concluded that the collector or the state was entitled to a devolutive appeal, and that such an appeal was subj ect to the applicable provisions of the Code of Practice.
In our opinion the Court of Appeal was correct in its conclusion, and the Rundell case is decisive of the issue here presented.
Counsel for appellee in the instant case strenuously contend that the decision of the Court of Appeal in the Rundell case is wrong for the following reasons: (1) The procedure in summary proceedings is governed by the statute under which the suit is brought and must be strictly complied with. (2) Having elected to institute summary proceedings, the collector cannot after judgment switch to ordinary process. (3) The purpose of R.S. 47:1574 is to provide for a summary hearing in all courts. (4) A statute should be construed to apply equally to all parties. (5) If the statute is not to apply equally to all parties, it should so state. (6) If the collector does have ,a right of appeal under R.S. 47:1574, the same rules apply to him as to the taxpayer as far as time goes. (7) A taxpayer is prejudiced by delay as much as the government.
However well grounded these arguments may appear, it is clear from reading R.S. 47:1574 that the time limitations, the provisions for suspensive appeals, the provision for bond of double the amount of the judgment, and the prohibition against devolutive appeals apply only to a judgment sustaining a claim of the collector for taxes, and only to the defendant in the summary proceeding.’ The statute makes no provision for an appeal where the judgment dismisses the collector’s claim, but the Legislature’s failure to make provisions for an appeal by the collector in such a case cannot be construed to have the effect of depriving him of the right of appeal. Consequently it is our view that the collector is entitled to a devolutive appeal subject to the applicable laws governing such an appeal.
For the reasons assigned the motion to-dismiss the appeal is denied.