474 So.2d 1032 (1985)
VERMILION PARISH SCHOOL BOARD, Plaintiff-Appellant,
v.
WEAVER EXPLORATION COMPANY, Defendant-Appellee.
No. 84-809.
Court of Appeal of Louisiana, Third Circuit.
August 22, 1985.
Writ Denied November 8, 1985.
*1033 Debaillon & Miller, Paul N. Debaillon, Lafayette, for plaintiff-appellant.
Liskow & Lewis, Frederick W. Bradley, New Orleans, for defendant-appellee.
Before STOKER, LABORDE and YELVERTON, JJ.
STOKER, Judge.
This is an appeal by the Vermilion Parish School Board from a judgment denying recovery for use taxes it claims are owed by Weaver Exploration Company for certain transactions.
The Vermilion Parish School Board (School Board) brought this action against Weaver Exploration Company (Weaver) for $20,610.99 it claimed was due under the Vermilion Parish School Board Sales and Use Tax Ordinance. Of this amount Weaver admitted that $7,779.87 was owed, tendered that amount, and agreed to pay a 15% penalty and attorney fees. The trial court's judgment awarded this amount with interest, penalties and attorney fees. Additionally, both parties stipulated that of the original amount sued for $6,339 was incorrectly assessed. In effect plaintiff abaondoned its claim for this latter amount. The disputed amount is $6,492.08. As to the disputed amount, the parties entered a stipulation as to the facts of the case and entered into evidence copies of the invoices of the sales on which tax is claimed.

FACTS
During 1980 and 1981 Weaver Exploration Company purchased certain movable property from various vendors F.O.B. Lafayette and F.O.B. Houston, as indicated by the invoices in the record. The property was intended for use in Vermilion Parish and was delivered from Lafayette and Houston to Vermilion Parish by means of common carrier delivery. The invoices were paid, including sales taxes paid to Lafayette Parish and Texas and a political subdivision of Texas. Weaver did not obtain an exemption from the Lafayette Parish Sales Tax, which is required in order to make nontaxable purchases.
The Vermilion Parish School Board contends that no sales tax was due the Lafayette Parish School Board or the Texas political subdivision. Therefore, the School Board urges that the payment of such taxes was erroneous. Plaintiff also contends that any payments erroneously paid should not be allowed as a credit against the tax being assessed by the Vermilion Parish School Board.
The ordinance provides as follows for a credit for tax paid on the same property:
"Section 5.03. A credit against the use tax imposed by this ordinance shall be granted to taxpayers who have paid a similar tax upon the sale or use of the same tangible personal property in another City or Parish in the State of Louisiana, or City or County in a state other than Louisiana. The credit provided herein shall be granted only in the case where the City, Parish or taxing authority in the State of Louisiana, or the City or County in a state other than Louisiana to which a similar tax has been paid grants a similar credit as provided herein. The proof of payment of the similar tax to another City, Parish or taxing authority in the State of Louisiana, or to a City or County in a state other than Louisiana shall be made according to rules and regulations promulgated by the Director. In no event shall the credit be greater than the tax imposed by this Taxing Authority upon the paid tangible *1034 personal property which is the subject of the use tax imposed by this ordinance."

TRIAL COURT ACTION
The trial court held that the sales taxes paid to Lafayette Parish were owed to Lafayette Parish, and thus were properly paid. Also, it concluded that Weaver was not required to obtain an exemption from the Lafayette Parish Sales Tax. The trial court did not mention the Texas tax paid in its Reasons for Ruling. The judgment of the trial court awarded the amount agreed to by the parties and dismissed the remainder of the School Board's claims.

POSITION OF THE PARTIES
The School Board now argues that a Lafayette Parish Sales Tax on those sales is prohibited by LSA-R.S. 33:2716 which provides:
"No parish or municipality shall levy or collect any sales tax on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the taxing parish or municipality.
"This provision shall apply to every parish and municipality in the state of Louisiana, whether levying and collecting such tax under authority of general or special laws of the state or under powers granted in their charters or under any other authority or grant of the power to levy and collect sales or other taxes. No provision in this Section shall be construed as infringing upon or limiting in any manner the right of parishes and municipalities to levy and collect any use tax heretofore or hereafter authorized."
The things sold were sent by common carrier from Lafayette Parish to Vermilion Parish by the vendors. For purposes of this statute we consider the shipping by the vendors of the things sold to another parish to be delivery in another parish. Since the goods sold were delivered in Vermilion Parish, Lafayette Parish was not authorized to tax the sales. The tax collected in Lafayette Parish was not a valid sales tax.
In the alternative Weaver argues that LSA-R.S. 33:2718.2, which provides a taxpayer a credit against sales and use tax where the taxpayer has paid a similar tax on the same property to a political subdivision of Louisiana or any other state, whether or not the tax was paid in error, is retroactive. We disagree.

DISPOSITION OF THE CASE
Act 447 of 1983, which enacted the above-mentioned statute[1] specifically states, "The Act shall become effective January 1, 1984." All Acts of the Legislature which do not specify an effective date take effect on the sixtieth day after the final adjournment of the session in which they were enacted. LSA-Const. Art. III, Sec. 19. The effective date for all Acts of the 1983 Regular Session was August 30, 1983, unless otherwise specified. This indicates that the Legislature did not intend the act to have retroactive effect. Although as a general rule, laws are deemed to be prospective only in effect, procedural or remedial statutes will be given retroactive effect in the absence of language showing a contrary intention. Procell v. Insurance Co. of North America, 425 So.2d 860 (La.App. 3d Cir.1982), writ denied, 430 So.2d 69 (La.1983). Here, even if this statute could be construed as procedural or remedial, the Legislature has shown an intent to give it prospective effect only.
Prior to the enactment of LSA-R.S. 33:2718.2, the Court of Appeal for the First Circuit construed a similar credit provision of a tax ordinance in Terrebonne Parish Sales and Use Tax Department v. Callais Cablevision, Inc., 433 So.2d 820 (La.App. 1st Cir.1983). It held that the section authorized a credit only for a legally owed tax paid to another taxing authority. Inasmuch as the tax paid to Lafayette Parish in the case before us was not legally owed, *1035 Weaver is not entitled to a credit for the tax and owes tax in Vermilion Parish.
We now consider whether the sales tax paid to Texas and its political subdivisions was valid. The selling of goods in one state which are then shipped by the vendor to the purchaser in another state is interstate commerce. The taxing of such sales by a state is an illegal interference with interstate commerce, even though the same tax be also imposed indiscriminately upon intrastate business. State v. Albert Mackie Co., 144 La. 339, 80 So. 582 (1918). The taxes collected by Texas and its political subdivision are invalid taxes. Since this was not a legally owed tax, Weaver is not entitled to a credit for the tax paid and owes tax in Vermilion Parish. Terrebonne Parish Sales and Use Tax Department v. Callais Cablevision, Inc., supra.
The judgment of the trial court is reversed in part and affirmed in part. Weaver is not entitled to a credit for any of the disputed taxes. With reference to the amount in dispute the School Board is entitled to judgment in the amount of $6,492.08, plus interest, penalties and attorney fees. We affirm the judgment of the trial court insofar as it awarded the amount of $7,779.87, which was stipulated to be due, together with interest, penalties and attorney fees, subject to the credit mentioned in the trial court judgment.
Rather than attempting to recast the judgment, we remand this case to the trial court for that purpose and to permit it to provide for the imposition of any interest, penalties and attorney fees which may be due, all in conformity with this opinion.
Costs are assessed to Weaver Exploration Company.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 33:2718.2 was enacted as R.S. 33:2718 in Act 447 of 1983. It was renumbered on authority of R.S. 24:253.