ST. PAUL, J.
 

 Plaintiff provoked a concursus proceeding under the provisions of Act No. 139 of 1922, and cited the B. & T. Construction Company, contractor, the Union Indemnity Company, surety on the contractor’s bond, and all lien claimants including J. C. Shepherd, doing business under the name of J. C. Shepherd & Company.
 

 A plea of compensation and a reconventional demand were filed against Shepherd & Company by the Union Indemnity Company for certain premiums due to that company by Shepherd & Company. The Continental Bank & Trust Company then filed an intervention, and claimed an assignment from Shepherd & Company of its claims involved in this suit.
 

 The plea of compensation was sustained as to the claim of Shepherd & Company, and the demands of the Continental Bank & Trust Company were rejected in the lower court, and from this judgment Shepherd & Company and the bank have appealed.
 

 Transcript of appeal was filed in this court on June 27, 1925, and on December G, 1930, a motion to dismiss the appeals was filed by defendant and appellee Union Indemnity Company,'on the ground that appellants have allowed more than five years to elapse without having taken any steps in the prosecution of their appeals in this court.
 

 I.
 

 The basis of this motion is Rev. Civ. Code, art. 3519, as amended by Act No. 107 of 1898, reading as follows:
 

 “If the plaintiff in this case, after having-made his demand, abandons or discontinues it, the interruption shall be considered as having never happened. Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.”
 

 The record discloses the fact that appellants have not taken any steps in the prosecution of their appeals in this court within five years after same had been filed here.
 

 II.
 

 In Lockhart v. Lockhart, 113 La. 872, 37 So. 860, it was held that under the circumstances contemplated by the act, a suit might be stricken from-the docket of the trial court at the suggestion of any party in interest.
 

 In New Orleans v. New Orleans Jockey Club, 129 La. 64, 55 So. 711, and in Hibernia Bank
 
 &
 
 Trust Co. v. Jacob A. Zimmerman
 
 &
 
 Sons, 167 La. 751, 120 So. 283, it was held that under like circumstances the same might be done in this court; i. e., the appeal might be dismissed.
 

 
 *403
 
 • In both of those cases, however, they had been reached and called, and had been continued indefinitely more than five years before the motion to dismiss had been, filed. Hence in those cases it behooved the appellant, after they had been continued indefinitely, to move to place the same once more on the call docket to be called in due course; and this the appellants had failed to do. In other words, there was something which the appellants could and should have done to prosecute their appeals, but which they neglected to do for full five years.
 

 But-the circumstances of this case are different, These appeals have been on the call docket (now called the calendar) from the time they were filed. And the case not being entitled to a preference, they could not be placed on the preference docket; so that there was nothing which the appellants' could do to hasten the trial of their appeals. Hence there was no neglect on their part when they allowed their appeals to remain on the ordinary docket until they should be reached in due course. And it so happened that they were not reached within five years from the time when they were placed on that docket.
 

 We think it was not the intention of the act to require a party to take any useless proceedings, i. e., proceedings which would avail him nothing in the prosecution of his claim, for the law never requires any one to do a vain or useless thing. In the present case there was nothing the appellants could do to further the prosecution of their appeal, and accordingly we do not think the act applies to the circumstances of this case.
 

 The motion to dismiss"is therefore denied.
 

 O’NIELL, C. J., concurs in the decree.
 

 LAND, J., dissents.
 

 Note. — This appeal was afterwards dismissed, without opposition, for want of necessary parties appellant.