LOBRANO, Judge.
This appeal arises out of an action originally brought by Bean Contracting Co., now C.F. Bean Corporation (Bean), against Shirley McNamara in her capacity as Secretary of the Department of Revenue and Taxation, State of Louisiana (State). Bean is disputing an assessment of Louisiana income taxes on the sale of two of its vessels. According to Bean, the vessels were sold in international waters and should not have been taxed in Louisiana.
The Board of Tax Appeals entered a judgment in favor of the tax collector on February 25, 1982, and Bean requested review of this judgment in the Civil District Court for the Parish of Orleans on March 31, 1982. In connection with its request for review, Bean posted a bond and requested that the record be lodged with the district court by the Board of Tax Appeals. The record was never lodged with the district court because a fire destroyed the tapes of the hearing, and no transcript could be prepared.
On April 1, 1987, the State moved to dismiss Bean’s request for review on the grounds of want of prosecution. See, La. C. C.Pro. Art. 561. This motion was granted by the district court on April 3, 1987. Bean subsequently filed a Motion to Vacate the Order of Dismissal on the basis that the State failed to provide the record on which review should occur, and prosecution of the case was therefore beyond Bean’s control. The district court denied Bean’s motion, and Bean now appeals from that decision.
At the administrative level, the issue for determination was whether the vessels were sold inside the jurisdiction of the Louisiana Department of Revenue and Taxation. The issue before this.court is a different one. The issue for our determination is whether the circumstances of the case are such that prosecution of the action was beyond Bean’s control.
An action is deemed abandoned when the parties fail to take any step in its prosecution or defense, within a five year period. La. C. C.Pro. Art. 561. An exception exists to the mandatory dismissal provisions of Article 561 if prosecution of the case is “beyond the control of plaintiff.” American Eagle, Inc. v. Employers Liability Assurance Corporation, 389 So.2d 1339 (La.App. 1st Cir.1980); Eichelberger v. B & T Construction Company, 173 La. *646 400, 137 So. 194 (1931). The official comment to Article 561 provides:
* * * * * *
“[w]hen the court dismisses a suit on the ex parte motion of defendant and plaintiffs failure to prosecute is due to circumstances beyond his control, plaintiff should rule defendant into court to show why the ex parte dismissal should not be vacated, alleging that plaintiffs failure to prosecute was due to circumstances beyond his control.” (emphasis added)
Bean argues that the trial court erroneously dismissed its petition for review because the circumstances prevented further prosecution. We agree.
In brief, Bean gives its explanation of the extenuating circumstances. The case was originally heard by a three member panel of the Board of Tax Appeals. The issue before that body was whether or not the subject vessels were in Louisiana waters on the day of the sale. Numerous documents were introduced into evidence, including the contracts of sale, various Coast Guard documents, and checks representing payment. Bean argued that the sale documents contained the incorrect date. In support thereof, a key witness testified that they had been mistakenly backdated. Since the vessels were in Louisiana waters on the “mistaken” date, the determinative issue with respect to tax liability is the true date of the sale.
Following the decision in favor of the tax collector and Bean’s subsequent appeal, Bean learned that a fire had destroyed the tapes of the hearing, and no transcript could be prepared.[1] Bean states that it was their understanding that because the record had been burned and crucial testimony could not be recreated, the matter would be set for a new hearing.
The State counters Bean’s argument with the assertion that Bean could have reconstructed the record by simply reproducing the various documents and stipulations that were submitted to the Board of Tax Appeal. Specifically they refer this Court to the various exhibits introduced into evidence. With respect to the testimony of Bean’s witness, they urge that his testimony merely supported the various documents introduced into evidence.
Our law with respect to the judicial review of decisions of the Board of Tax Appeals states that the reviewing court’s decision must be based only upon the record transmitted to it from the board. La. R.S. 47:1434 states in pertinent part:
* * * * * *
“... the order [of review] shall command the secretary-clerk of the board to send up ... the original transcript of the record, together with all exhibits and evidence thereto attached; which record shall be the basis for any action on review and the decision of the district court shall be rendered upon the said record as made up before the board.”
This court confirmed that the administrative record is the sole source of review of Board of Tax Appeal decisions in Collector of Revenue v. Murphy Oil Co., 351 So.2d 1234, 1236 (La.App. 4th Cir.1977), stating:
“The statutes provide that the record of the proceeding before the board shall be the basis for any action on review, and this, coupled with the provisions that the court has the power to modify or reverse a decision if not in accordance with law, by implication limits the scope of review to facts on the record and questions of law.”
In American Eagle, Inc., supra, defendants urged that the case should have been dismissed as neither party had taken any step in prosecution for five years. The transcript was unavailable because the court reporter who recorded the testimony was* unable to transcribe it. The court held that prosecution was beyond the plaintiff’s control, stating:
*647 “A well recognized exception to the general rule of article 561 is that it does not apply where the failure to prosecute was caused by circumstances beyond the plaintiffs control.... If plaintiff did not have the power to hasten the matter to trial, then it is difficult to conclude his failure to do so was within his control. In the instant case, the plaintiff was caught in the lengthy, intolerable delay between trial and judgment in a non-jury case, a situation which has become all too familiar to attorneys. Where the trial judge orders a transcript, with briefs to be filed after submission of the transcript, and the transcript is not submitted, and cannot be submitted because of the death or other inability of the initial reporter to transcribe it, the matter is clearly outside the plaintiffs control.” [2] American Eagle Inc., 389 So.2d at 1342-43.
In the case before us, it is not disputed that the record of the proceedings before the Board of Tax Appeals were destroyed by fire, and thus were never forwarded to the district court by the secretary-clerk of the board. We deem those circumstances to be beyond Bean’s control and thus, the trial court erred in dismissing its request for review. Further, because our law is clear that the sole basis for judicial review in cases of this type is the record of the administrative proceedings, we remand to the district court with instructions to order the reconstruction of this record, if possible, or in the alternative, to order a new hearing before the Board of Tax Appeals.
REVERSED AND REMANDED.

. In addition, Bean learned that two of the three board members who heard the case were replaced by the Treen administration prior to the issuance of a decision by the board, and the third board member had only been present for the initial minutes of the hearing. The final decision was rendered by a new board in the absence of the record and on the advice of the board’s legal counsel.

. In American Eagle, however, the transcript was ultimately completed, and the judge called a post-trial conference. Appellees in the instant case attempt to distinguish American Eagle by asserting that in American Eagle, the post-trial conference constituted a step in furtherance of prosecution sufficient to interrupt the five year period contained in C.C.P. Article 561. This argument is without merit as the court in American Eagle stated that “even if the post-trial conference did not constitute a step in the prosecution, the motion to dismiss on the grounds of abandonment should be denied.” Id. at 1342.